## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLAS AIR, INC. and SOUTHERN AIR INC.,<br>2000 Westchester Avenue<br>Purchase, NY 10577-2543<br><br>        Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION<br>25 Louisiana Avenue, NW<br>Washington, DC 20001<br><br>and<br><br>AIRLINE PROFESSIONALS ASSOC. OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224<br>2754 Old State Route 73<br>Wilmington, OH 45177<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 2750<br>2100 Oak Road<br>Cincinnati, OH 45241,<br><br>        Defendants. | Civil Action No. _____ |

## COMPLAINT TO ENFORCE SYSTEM BOARD ARBITRATION AWARDS

Plaintiffs Atlas Air, Inc. ("Atlas") and Southern Air Inc. ("Southern"), for their Complaint herein against the International Brotherhood of Teamsters, Airline Division (the "IBT Airline Division"), the Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 ("Local 1224"), and International Brotherhood of Teamsters Local 2750 ("Local 2750") (collectively, "Defendants" or the "Union"), state as follows:

## **INTRODUCTION**

1.        Plaintiffs file this lawsuit under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* (the "RLA") against Defendants to enforce two arbitration awards with which the Defendants have refused to comply.  The Atlas System Board of Adjustment, chaired by neutral arbitrator George Nicolau, and the Southern System Board of Adjustment, chaired by neutral arbitrator Richard I. Bloch, have both issued arbitration awards (the "Awards") against the Union, finding that the Union has violated provisions in the carriers' collective bargaining agreements ("CBAs") with the Union which require the formulation of a joint CBA ("JCBA") covering the combined pilot group as a result of a merger between Atlas and Southern (the "Merger Provisions").  As a remedy arising out of these two separate arbitrations, the Awards each require that the Union promptly comply with the Merger Provisions – first by submitting an integrated seniority list ("ISL") within 45-days of each Award (i.e., by July 27, 2019 (Southern) and October 10, 2019 (Atlas)), and then by beginning a contractually-mandated nine-month period of negotiation for a JCBA followed by an interest arbitration on any unresolved bargaining issues.  It has now been well-over three years of grievances, federal court litigation, and ultimately arbitration, since Atlas and Southern first sought to have the Union comply with the Merger Provisions of each carriers' CBA.  The Awards' deadlines for submitting the ISL have now long-passed, and the Union has failed and refused to comply with those deadlines.

Atlas and Southern therefore ask this Court to enforce the Awards, including compelling the Union immediately to deliver an ISL to Atlas and Southern and to participate in the contractually-mandated procedure for formulating a JCBA.

2.        Under the RLA, "[o]nce the appropriate adjustment board enters an award, its decision is enforceable in the federal courts . . . and is subject to narrow judicial review." *Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines*, 155 F.3d 685, 690 (3d Cir. 1998) (citing *Int'l Ass'n of Machinists, AFL CIO v. Central Airlines, Inc.*, 372 U.S. 682, 685 (1963)).  "Unless the arbitral decision does not draw its essence from the collective bargaining agreement, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute." *Sullivan v. Endeavor Air, Inc.*, 2016 WL 614391, at *7 (D. Minn. Feb. 16, 2016) (quoting *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 764 (1983)).  When a party has failed to comply with a date-certain deadline set down by an award, the time is ripe to enforce the arbitration award.  *Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc*., 522 F.3d 1190, 1194 (11th Cir. 2008) (finding "failure to comply within the time limit established by the award the triggering event for an enforcement action").

3.        Each Arbitrator's Award carefully considered the applicable CBA language, recounted the parties' arguments regarding the meaning of the CBA language, and came to a determination – based on each Arbitrators' interpretation of the CBA – that the Union had violated the applicable CBA by failing to comply with the Merger Provisions.  As such, the Arbitrators' decisions drew their essence from the CBA.  Because the Arbitrators had exclusive jurisdiction under the RLA to make those final and binding determinations, they cannot be re-

litigated in federal court.  The Union's refusal to comply with these Awards by providing Atlas

and Southern with an ISL within their 45-day deadlines renders the Awards ripe for enforcement.

## JURISDICTION

4.      This action arises under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*  The

Court has jurisdiction over this action under 28 U.S.C. § 1331.

## VENUE

5.      Venue is proper within the District of Columbia pursuant to 28 U.S.C.

§ 1391(b)(1).

## THE PARTIES

6.      Atlas and Southern are both commercial air carriers, headquartered in

Purchase, New York, with national and international operations.  Both are "common carriers by

air" as defined in the Federal Aviation Act of 1958, and each is a "carrier" as defined by the

RLA.  45 U.S.C. § 181.  Atlas and Southern are owned by the same parent corporation, Atlas Air

Worldwide Holdings, Inc. ("AAWW").

7.      Defendant IBT Airline Division is an unincorporated labor organization, which

has its principal offices in Washington, D.C.  The National Mediation Board has certified the

IBT Airline Division as the collective bargaining representative of both the Atlas and Southern

pilots under the RLA.

8.      Defendant Local 1224 is an unincorporated labor organization with its

principal offices in Wilmington, Ohio.  Local 1224 is the local collective bargaining agent

designated by the IBT Airline Division to represent the Southern pilots and manage day-to-day pilot labor relations with Southern.

9.       On October 11, 2019, Defendant Local 2750 was chartered by the International Brotherhood of Teamsters as the designated representative of Atlas pilots.  Local 2750 is temporarily headquartered at IBT Local 100's headquarters in Cincinnati, Ohio.  Prior to October 11, 2019, Defendant Local 1224 was designated as the representative of both the Atlas pilots and the Southern pilots.

## BACKGROUND OF THE DISPUTE

### The Merger of Atlas and Southern

10.      Atlas and the Union are parties to a CBA (the "Atlas CBA"), effective September 8, 2011, that governs the rates of pay, rules, and working conditions of Atlas pilots. Similarly, Southern and the Union are parties to a CBA (the "Southern CBA"), effective November 6, 2012, that governs the rates of pay, rules, and working conditions of Southern pilots.  The Atlas and Southern CBAs became amendable on September 8, 2016 and November 6, 2016 respectively.

11.      Atlas is a wholly-owned subsidiary of AAWW.  On January 19, 2016, AAWW issued a press release announcing that it intended to acquire Southern Air Holdings, Inc., the corporate parent of Worldwide Air Logistics Group, Inc., which in turn owned Southern.  On

April 7, 2016, AAWW's acquisition of Southern Air Holdings, Inc. became effective, and

Southern is also a wholly-owned subsidiary of AAWW.

**The Union's Refusal to Comply With the Provisions of the Atlas and Southern CBAs**

12.     Both the Atlas and Southern CBAs provide a negotiation and interest

arbitration process for formulating the terms of a JCBA to govern the combined group of pilots

of the carriers in the event of a merger.

13.     Section 1.F.2 of the Atlas CBA provides that:

> 2.     In the event (i) the Company acquires another air carrier and
> the Company decides there will be a complete operational merger
> between the Company and such other air carrier, or if the Company
> notifies the Union of its intent to integrate the Crewmember
> seniority lists of the respective carriers, or (ii) in the event the
> Company decides there will be a complete operational merger
> between the Company and an affiliated air carrier, or if the Company
> notifies the Union of its intent to integrate the Crewmember
> seniority lists of the Company and an affiliated air carrier, the
> following shall apply:
> …
> a. Seniority List Integration:
>         i. If the Union represents the Crewmembers of the carrier to
> be merged with the Company then the Union's Merger Policy shall
> be utilized to integrate the two seniority lists.
> …
> b.      Collective Bargaining Agreements:
> …
> iii. [i]f the crewmembers of the acquired carrier are represented by
> the Union, then the parties shall on a timely basis begin negotiations
> to merge the two pre-integration collective bargaining agreements
> into one agreement. If a merged agreement has not been executed
> within nine (9) months from the date that the Union presents to the
> Company a merged seniority list that complies with the provisions
> of this paragraph F. 2, the parties shall jointly submit the outstanding
> issues to binding interest arbitration.

14.     Similarly, Section 1.B.3 of the Southern CBA provides that:

> 3.      In the event of a merger, this Agreement shall be merged
> with the merging air carrier's crewmember collective bargaining
> agreement, if any; if such merged agreement is not completed within
> nine (9) months from the date an integrated Master Seniority List is
> submitted to the surviving entity, the parties shall submit all
> outstanding issues to binding interest arbitration.

15.     Both CBAs mandate that, once their respective provisions have been triggered, the parties must engage in negotiation and interest arbitration, if necessary, within nine months of the Union providing an ISL.

16.     After Atlas announced that it intended to implement a complete operational merger with Southern and to integrate the crewmember seniority lists, the Union took the position that Section 1.F and Section 1.B.3 of the respective CBAs do not apply, and refused to bargain for a JCBA or provide the ISL that would start the nine-month clock for negotiation prior to any necessary interest arbitration.  Atlas and Southern took the contrary position that the Merger Provisions have been triggered.

17.     Therefore, in order to resolve this dispute over the interpretation and application of the CBAs, Atlas filed a management grievance under the Atlas CBA on April 14, 2016, and Southern filed a management grievance under the Southern CBA on January 24, 2017. The Union claimed these grievances were not arbitrable and refused to submit them to arbitration, causing Atlas and Southern to file a federal court lawsuit on February 7, 2017 to compel arbitration.  On March 13, 2018, Judge Forrest of the U.S. District Court for the Southern District of New York issued an opinion and order rejecting the Union's arguments and granting the carriers' motion for summary judgment, concluding that the Union's refusal to arbitrate violated the RLA, and compelling arbitration of both management grievances.  *See Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 293 F. Supp. 3d 457 (S.D.N.Y. 2018).  The IBT's appeal from that ruling is pending before the U.S. Court of Appeals for the Second Circuit.

**The Atlas and Southern Management Grievance Arbitrations**

18.     Southern's grievance was heard in October 2018, before the Southern System Board of Adjustment chaired by Neutral Arbitrator Richard I. Bloch.  Southern and the Union

participated in three days of hearing and both submitted extensive post-hearing briefs.  Arbitrator

Bloch issued a ruling on June 12, 2019 in favor of Southern on all issues.  In his ruling,

Arbitrator Bloch concluded the Union violated its obligations under Section 1.B of the Southern

CBA to provide Southern an ISL and to negotiate (and interest arbitrate if necessary) for a

JCBA.  To remedy this violation, and in light of the over three-years' delay, Arbitrator Bloch

ordered that the Union produce an ISL within 45 days so the parties could begin the JCBA

negotiation process contemplated by Section 1.B.  Arbitrator Bloch found this remedy was

necessary to remedy the "delay inspired by the Union's misapprehension of the contractual

requirements" and concluded the Union "must now respond vigorously to the Company's request

to proceed."  Pursuant to Arbitrator Bloch's Award, the Union was required to deliver the ISL to

Southern by July 27, 2019.

19.     Atlas' grievance was heard before the Atlas System Board of Adjustment

chaired by Neutral Arbitrator George Nicolau, also in October 2018.  The parties participated in

three days of hearing and submitted extensive post-hearing briefing.  Arbitrator Nicolau came to

a similar conclusion as Arbitrator Bloch – holding that the Union had violated Section 1.F of the

Atlas CBA by refusing to provide Atlas with an ISL and refusing to engage in the contractually-

mandated process for formulation of a JCBA.  Arbitrator Nicolau's Award, dated August 26,

2019, required the Union to comply with the merger provisions of Section 1.F, including by

"promptly submitting an ISL, negotiating for a JCBA, and submitting unresolved bargaining

issues to binding interest arbitration."  Arbitrator Nicolau defined "promptly" as 45 days based in

part on "the time that has passed since the original announcement" of Atlas' intention to merge

the two carriers.  Pursuant to Arbitrator Nicolau's Award, the Union was required to deliver the

ISL to Atlas by October 10, 2019, thereby starting – no later than October 11, 2019 – the nine-month clock for negotiation of a JCBA prior to any interest arbitration.

20.        As of the filing of this Complaint – 136 days after issuance of Arbitrator Bloch's Award and 61 days after issuance of Arbitrator Nicolau's Award – the Union has failed and refused to provide the ISL to Atlas or Southern, despite being required to do so by both Awards and written demands from the carriers for submission of an ISL.  Instead, on June 28, 2019 and September 11, 2019 respectively, the Union filed complaints to vacate the Southern and Atlas arbitration Awards.  On July 26, 2019 and October 11, 2019 respectively, Southern and Atlas filed motions to dismiss the Union's complaints, which are currently pending.  *See* Mem. of Law in Support of Mot. to Dismiss Pls.' Compl. and Pet. to Vacate Arbitration Award, *Int'l Bhd. of Teamsters, Airline Division v. Southern Air, Inc.*, 1:19-cv-01948-CRC, Dkt. 4 (D.D.C. July 26, 2019); Mem. of Law in Support of Mot. to Dismiss Pls.' Compl. and Pet. to Vacate Arbitration Award, *Int'l Bhd. of Teamsters, Airline Division v. Atlas Air, Inc.*, 1:19-cv-02723-CRC, Dkt. 4 (D.D.C. October 11, 2019).

21.        Contrary to allegations made by the Union in its complaint to vacate the Atlas Award, the portion of the Awards' remedy requiring the Union to provide an ISL within 45 days does not deprive the pilots of seniority integration procedures under the federal McCaskill-Bond Amendment ("McCaskill-Bond").  *See* Compl., *Int'l Bhd. of Teamsters, Airline Division v. Atlas Air, Inc.*, 1:19-cv-02723-CRC, Dkt. 1 at ¶¶ 39-42 (D.D.C. September 11, 2019).  McCaskill-Bond requires that unions representing employees at merging carriers, *in certain circumstances*, create an ISL in accordance with Sections 3 and 13 of the Allegheny-Mohawk Labor Protection

Provisions ("Allegheny-Mohawk").[1]  McCaskill-Bond's Allegheny-Mohawk requirement is

inapplicable *in the circumstances of this seniority integration*.  McCaskill-Bond creates an

exception for application of a union's own policy for integrating seniority lists when the

employee groups at both carriers – as is the case here – are represented by the same Union.

Notably, the Union did not argue in its opening statements or post-hearing briefs to the

arbitrators that use of the Allegheny-Mohawk procedures was required to formulate the ISL.

22.     Instead, at the Atlas arbitration hearing, Daniel C. Wells, then-President of

Local 1224, which represented both Atlas and Southern pilots at the time, testified that while the

IBT Airline Division did not have an applicable "written policy," he was sure that the

International Brotherhood of Teamsters, in the past, had used a simple date-of-hire approach to

integrate seniority lists, without application of the Allegheny-Mohawk procedures.  In fact, Mr.

Wells testified at the Atlas hearing that there was available to him a "shortcut procedure,"

whereby the Union could "provide a sort of golden pathway forward that would enable me to

bring a lot of those [seniority] procedures together quickly and get it done."  The Union is

therefore fully able, under McCaskill-Bond and the CBAs, to comply with the portion of the

Awards' remedy requiring production of the ISL in 45 days.

23.     The Union has failed and refused to provide the ISL to Atlas or Southern,

despite being required to do so by both Awards and despite subsequent written demands from

Atlas and Southern for immediate submission of an ISL.  It is clear the Union will not

immediately comply with either Arbitrator's Award until it receives an order from this Court

specifically requiring it to do so under pain of contempt sanctions.  This Court should therefore

---

[1] Sections 3 and 13 of the Allegheny-Mohawk labor-protective provisions require negotiation, and if needed interest arbitration, between the two pre-merger employee groups with regard to formulation of an integrated seniority list.

issue an order enforcing the Awards, requiring the Union immediately to provide Atlas and

Southern with an ISL, enforcing the nine-month period for negotiation of a JCBA beginning

retroactive to October 11, 2019, and following the negotiations, requiring prompt participation in

interest arbitration of any unresolved bargaining issues.

## CAUSE OF ACTION - VIOLATION OF RAILWAY LABOR ACT

24.     Plaintiffs reallege and incorporate by reference the allegations set forth in

Paragraphs 1-23, inclusive.

25.     This action is governed by the RLA, 45 U.S.C. §§ 151 *et seq.*

26.     Atlas and Southern are each parties to a CBA with the Union that governs the

rates of pay, rules, and working conditions of their pilots.

27.     The Southern and Atlas System Board of Adjustments have each issued an

arbitration Award requiring the Union to comply with the Merger Provisions of the Southern and

Atlas CBAs, including producing the ISL to the carriers by July 27, 2019 and October 10, 2019,

respectively.  Defendants have failed and refused to do so.

28.     Each Award carefully considered the applicable CBA language, recounted the

parties' arguments regarding the meaning of the CBA language, and came to a determination –

based on each Arbitrators' interpretation of the CBA – that the Union had violated the applicable

CBA by failing to comply with the Merger Provisions.  As such, each of the Arbitrators'

decisions drew their essence from the applicable CBA.  Because the Union has failed to comply

with the date-certain deadline set by the Awards, the time is ripe to enforce them.  An order

compelling the Union immediately to comply with the Atlas and Southern System Board of

Adjustment Awards therefore is necessary to preserve the integrity of the RLA's dispute-

resolution procedures and effectuate the Awards.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

a.      Compelling Defendants immediately to deliver an ISL to Atlas and Southern;

b.      Enforcing the nine-month period for negotiation of a JCBA beginning retroactive to October 11, 2019;

c.      Compelling Defendants immediately to comply with all facets of the Awards, including by engaging in negotiations and if needed interest arbitration for formulation of a JCBA; and

d.      Granting Plaintiffs such other relief as the Court may deem just and proper.

Dated:    October 25, 2019                    Respectfully submitted,
          Washington, D.C.

                                              By:  ____/s/ Robert A. Siegel_____
                                                 Robert A. Siegel
                                                 (D.C. Bar #1004474)
                                                 Rachel S. Janger
                                                 (D.C. Bar #467142)

                                                 O'MELVENY & MYERS LLP
                                                 1625 Eye Street, NW
                                                 Washington, D.C. 20006
                                                 Telephone:  (202) 383-5300
                                                 Facsimile:  (202) 383-5414
                                                 rsiegel@omm.com
                                                 rjanger@omm.com

                                                 *Attorneys for Plaintiffs Atlas Air, Inc. and*
                                                 *Southern Air Inc.*