**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ATLAS AIR, INC. and SOUTHERN AIR INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION<br><br>and<br><br>AIRLINE PROFESSIONALS ASSOC. OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 2750,<br><br>Defendants. | Civil Action No. 1:19-cv-03223-CRC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 3

    A.    The Merger of Atlas and Southern ........................................................................ 3

    B.    The Union's Refusal to Comply With the Provisions of the Atlas and Southern CBAs ................................................................................................... 4

    C.    The Atlas and Southern Management Grievance Arbitrations .............................. 5

ARGUMENT .................................................................................................................................. 7

    A.    The Union is Violating the Atlas and Southern Awards By Refusing to Provide the ISL .................................................................................................... 8

    B.    The Remedy Ordered by the Awards Does Not Violate the McCaskill-Bond Amendment ................................................................................................. 10

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atlas Air, Inc. v. Int'l Bhd. of Teamsters*,
   293 F. Supp. 3d 457 (S.D.N.Y. 2018) .................................................................................. 5

*Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N.
Lines v. CSX Transp., Inc.*,
   522 F.3d 1190 (11th Cir. 2008) ........................................................................................ 2, 9

*Bhd. of Maint. of Way Employees v. Union Pac. R. Co.*,
   No. CIV.A. 303CV0417D, 2004 WL 2296952 (N.D. Tex. Oct. 6, 2004) ............................... 10

*Dexter Axle Co. v. Intl. Ass'n of Machinists Workers, Dist. 90, Lodge 1315*,
   418 F.3d 762 (7th Cir. 2005) ................................................................................................ 8

*Flight Attendants in Reunion v. Am. Airlines, Inc.*,
   813 F.3d 468 (2d Cir. 2016) ............................................................................................... 10

*Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines*,
   155 F.3d 685 (3d Cir. 1998) .............................................................................................. 2, 8

*Int'l Bhd. of Teamsters, Airline Division v. Atlas Air, Inc.*,
   1:19-cv-02723-CRC, Dkt. 4 (D.D.C. October 11, 2019) ...................................................... 7, 9

*Int'l Bhd. of Teamsters, Airline Division v. Southern Air, Inc.*,
   1:19-cv-01948-CRC, Dkt. 4 (D.D.C. July 26, 2019) ............................................................. 7, 9

*Sullivan v. Endeavor Air, Inc.*,
   2016 WL 614391 (D. Minn. Feb. 16, 2016) ......................................................................... 2, 8

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*,
   363 U.S. 593 (1960) ............................................................................................................ 8

*United Transp. Union v. CSX Transp. Inc.*,
   2006 WL 3198811 (S.D. Ind. July 20, 2006) ....................................................................... 8

*Wood v. Am. Fed'n of Gov't Employees*,
   316 F. Supp. 3d 475 (D.D.C. 2018) ..................................................................................... 7

**Statutes**

49 U.S.C. § 42112, note 117 ....................................................................................................... 10

Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* ....................................................................... 1, 2, 8

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 7

**PRELIMINARY STATEMENT**

Plaintiffs Atlas Air, Inc. ("Atlas") and Southern Air Inc. ("Southern") file this lawsuit under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* (the "RLA") against Defendants International Brotherhood of Teamsters, Airline Division ("IBT Airline Division"), the Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 ("Local 1224"), and International Brotherhood of Teamsters Local 2750 ("Local 2750") (collectively, "Defendants" or the "Union") to enforce two arbitration awards with which the Defendants have refused to comply. The Atlas System Board of Adjustment, chaired by neutral arbitrator George Nicolau, and the Southern System Board of Adjustment, chaired by neutral arbitrator Richard I. Bloch, have both issued arbitration awards (the "Awards") against the Union, finding that the Union has violated provisions in the carriers' collective bargaining agreements ("CBAs") with the Union which require the formulation of a joint CBA ("JCBA") covering the combined pilot group as a result of a merger between Atlas and Southern (the "Merger Provisions"). As a remedy arising out of these two separate arbitrations, the Awards each require that the Union promptly comply with the Merger Provisions – first by submitting an integrated seniority list ("ISL") within 45-days of each Award (i.e., by July 27, 2019 (Southern) and October 10, 2019 (Atlas)), and then by beginning a contractually-mandated nine-month period of negotiation for a JCBA followed by an interest arbitration on any unresolved bargaining issues. It has now been well-over three years of grievances, federal court litigation, and ultimately arbitration, since Atlas and Southern first sought to have the Union comply with the Merger Provisions of each carriers' CBA. The Awards' deadlines for submitting the ISL have now long-passed, and the Union has failed and refused to comply with those deadlines. Atlas and Southern therefore ask this Court to enforce the Awards, including compelling the

Union immediately to deliver an ISL to Atlas and Southern and to participate in the contractually-mandated procedure for formulating a JCBA.

Under the RLA, "[o]nce the appropriate adjustment board enters an award, its decision is enforceable in the federal courts . . . and is subject to narrow judicial review." *Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines*, 155 F.3d 685, 690 (3d Cir. 1998) (citing *Int'l Ass'n of Machinists, AFL CIO v. Central Airlines, Inc.*, 372 U.S. 682, 685 (1963)).  "Unless the arbitral decision does not draw its essence from the collective bargaining agreement, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute." *Sullivan v. Endeavor Air, Inc.*, 2016 WL 614391, at *7 (D. Minn. Feb. 16, 2016) (quoting *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 764 (1983)).  When a party has failed to comply with a date-certain deadline set down by an award, the time is ripe to enforce the arbitration award. *Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (finding "failure to comply within the time limit established by the award the triggering event for an enforcement action").

Each Arbitrator's Award carefully considered the applicable CBA language, recounted the parties' arguments regarding the meaning of the CBA language, and came to a determination – based on each Arbitrators' interpretation of the CBA – that the Union had violated the applicable CBA by failing to comply with the Merger Provisions.  As such, the Arbitrators' decisions drew their essence from the CBA.  Because the Arbitrators had exclusive jurisdiction under the RLA to make those final and binding determinations, they cannot be re-litigated in federal court.  The Union's refusal to comply with these Awards by providing Atlas and Southern with an ISL within their 45-day deadlines renders the Awards ripe for enforcement.

**STATEMENT OF FACTS**

    A.    <u>The Merger of Atlas and Southern</u>

Atlas and Southern are both commercial air carriers with national and international operations. (Statement of Undisputed Material Facts ("Fact Statement") ¶ 1.) The National Mediation Board has certified the IBT Airline Division as the collective bargaining representative of both the Atlas and Southern pilots under the RLA.[1] (*Id.* ¶ 2.) Atlas and the Union are parties to a CBA (the "Atlas CBA"), effective September 8, 2011, that governs the rates of pay, rules, and working conditions of Atlas pilots. (*Id.* ¶ 7.) Similarly, Southern and the Union are parties to a CBA (the "Southern CBA"), effective November 6, 2012, that governs the rates of pay, rules, and working conditions of Southern pilots. (*Id.* ¶ 8.) The Atlas and Southern CBAs became amendable on September 8, 2016 and November 6, 2016 respectively. (*Id.* ¶ 9.)

Atlas is a wholly-owned subsidiary of Atlas Air Worldwide Holdings, Inc. ("AAWW"). (*Id.* ¶ 10.) On January 19, 2016, AAWW issued a press release announcing that it intended to acquire Southern Air Holdings, Inc., the corporate parent of Worldwide Air Logistics Group, Inc., which in turn owned Southern. (*Id.* ¶ 11.) On April 7, 2016, AAWW's acquisition of Southern Air Holdings, Inc. became effective, and Southern is also a wholly-owned subsidiary of AAWW. (*Id.* ¶ 12.)

---

[1] Local 1224 is the local collective bargaining agent designated by the IBT Airline Division to represent the Southern pilots and manage day-to-day pilot labor relations with Southern. (Fact Statement ¶ 3.) On October 11, 2019, Defendant Local 2750 was chartered by the International Brotherhood of Teamsters as the designated representative of Atlas pilots. (*Id.* ¶ 4.) Local 2750 is temporarily headquartered at IBT Local 100's headquarters in Cincinnati, Ohio. (*Id.* ¶ 5.) Prior to October 11, 2019, Defendant Local 1224 was designated as the representative of both the Atlas pilots and the Southern pilots. (*Id.* ¶ 6.)

3

B.    <u>The Union's Refusal to Comply With the Provisions of the Atlas and Southern CBAs</u>

Both the Atlas and Southern CBAs provide a negotiation and interest arbitration process for formulating the terms of a JCBA to govern the combined group of pilots of the carriers in the event of a merger. (*Id.* ¶ 13.) Section 1.F.2 of the Atlas CBA provides that:

> 2.    In the event (i) the Company acquires another air carrier and the Company decides there will be a complete operational merger between the Company and such other air carrier, or if the Company notifies the Union of its intent to integrate the Crewmember seniority lists of the respective carriers, or (ii) in the event the Company decides there will be a complete operational merger between the Company and an affiliated air carrier, or if the Company notifies the Union of its intent to integrate the Crewmember seniority lists of the Company and an affiliated air carrier, the following shall apply:
> 
> …
> a. Seniority List Integration:
>     i. If the Union represents the Crewmembers of the carrier to be merged with the Company then the Union's Merger Policy shall be utilized to integrate the two seniority lists.
> …
> b.    Collective Bargaining Agreements:
> …
>     iii. [i]f the crewmembers of the acquired carrier are represented by the Union, then the parties shall on a timely basis begin negotiations to merge the two pre-integration collective bargaining agreements into one agreement. If a merged agreement has not been executed within nine (9) months from the date that the Union presents to the Company a merged seniority list that complies with the provisions of this paragraph F. 2, the parties shall jointly submit the outstanding issues to binding interest arbitration.

(*Id.* ¶ 14.)

Similarly, Section 1.B.3 of the Southern CBA provides that:

> 3.    In the event of a merger, this Agreement shall be merged with the merging air carrier's crewmember collective bargaining agreement, if any; if such merged agreement is not completed within nine (9) months from the date an integrated Master Seniority List is submitted to the surviving entity, the parties shall submit all outstanding issues to binding interest arbitration.

4

(*Id.* ¶ 15.)

Both CBAs mandate that, once their respective provisions have been triggered, the parties must engage in negotiation and interest arbitration, if necessary, within nine months of the Union providing an ISL. (*Id.* ¶ 14-15.)

After Atlas announced that it intended to implement a complete operational merger with Southern and to integrate the crewmember seniority lists, the Union took the position that Section 1.F and Section 1.B.3 of the respective CBAs do not apply, and refused to bargain for a JCBA or provide the ISL that would start the nine-month clock for negotiation prior to any necessary interest arbitration. (*Id.* ¶ 16.) Atlas and Southern took the contrary position that the Merger Provisions have been triggered. (*Id.* ¶ 17.) Therefore, in order to resolve this dispute over the interpretation and application of the CBAs, Atlas filed a management grievance under the Atlas CBA on April 14, 2016, and Southern filed a management grievance under the Southern CBA on January 24, 2017. (*Id.* ¶ 18.) The Union claimed these grievances were not arbitrable and refused to submit them to arbitration, causing Atlas and Southern to file a federal court lawsuit on February 7, 2017 to compel arbitration. (*Id.* ¶ 19.) On March 13, 2018, Judge Forrest of the U.S. District Court for the Southern District of New York issued an opinion and order rejecting the Union's arguments and granting the carriers' motion for summary judgment, concluding that the Union's refusal to arbitrate violated the RLA, and compelling arbitration of both management grievances. (*Id.* ¶ 20); *See Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 293 F. Supp. 3d 457 (S.D.N.Y. 2018). The IBT's appeal from that ruling is pending before the U.S. Court of Appeals for the Second Circuit. (Fact Statement ¶ 21.)

    C.    <u>The Atlas and Southern Management Grievance Arbitrations</u>

Southern's grievance was heard in October 2018 before the Southern System Board of Adjustment chaired by Neutral Arbitrator Richard I. Bloch. (*Id.* ¶ 22.) Southern and the Union

5

participated in three days of hearing and both submitted extensive post-hearing briefs. (*Id.* ¶ 23.) Arbitrator Bloch issued a ruling on June 12, 2019 in favor of Southern on all issues. (*Id.* ¶ 24.) In his ruling, Arbitrator Bloch concluded the Union violated its obligations under Section 1.B of the Southern CBA to provide Southern an ISL and to negotiate (and interest arbitrate if necessary) for a JCBA. (*Id.* ¶ 25.) To remedy this violation, and in light of the over three-years' delay, Arbitrator Bloch ordered that the Union produce an ISL within 45 days so the parties could begin the JCBA negotiation process contemplated by Section 1.B. (*Id.* ¶ 26.) Arbitrator Bloch found this remedy was necessary to remedy the "delay inspired by the Union's misapprehension of the contractual requirements" and concluded the Union "must now respond vigorously to the Company's request to proceed." (*Id.* ¶ 27.) Pursuant to Arbitrator Bloch's Award, the Union was required to deliver the ISL to Southern by July 27, 2019. (*Id.* ¶ 28.)

Atlas' grievance was heard before the Atlas System Board of Adjustment chaired by Neutral Arbitrator George Nicolau also in October 2018. (*Id.* ¶ 29.) The parties participated in three days of hearing and submitted extensive post-hearing briefing. (*Id.* ¶ 30.) Arbitrator Nicolau came to a similar conclusion as Arbitrator Bloch – holding that the Union had violated Section 1.F of the Atlas CBA by refusing to provide Atlas with an ISL and refusing to engage in the contractually-mandated process for formulation of a JCBA. (*Id.* ¶ 31.) Arbitrator Nicolau's Award, dated August 26, 2019, required the Union to comply with the merger provisions of Section 1.F, including by "promptly submitting an ISL, negotiating for a JCBA, and submitting unresolved bargaining issues to binding interest arbitration." (*Id.* ¶ 32.) Arbitrator Nicolau defined "promptly" as 45 days based in part on "the time that has passed since the original announcement" of Atlas' intention to merge the two carriers. (*Id.* ¶ 33.) Pursuant to Arbitrator Nicolau's Award, the Union was required to deliver the ISL to Atlas by October 10, 2019,

6

thereby starting – no later than October 11, 2019 – the nine-month clock for negotiation of a JCBA prior to any interest arbitration. (*Id.* ¶ 34.)

As of the filing of this Motion – 141 days after issuance of Arbitrator Bloch's Award and 66 days after issuance of Arbitrator Nicolau's Award – the Union has failed and refused to provide the ISL to Atlas or Southern, despite being required to do so by both Awards and written demands from the carriers for submission of an ISL. (*Id.* ¶ 35.) Instead, on June 28, 2019 and September 11, 2019 respectively, the Union filed complaints to vacate the Southern and Atlas arbitration Awards. (*Id.* ¶ 36.) On July 26, 2019 and October 11, 2019 respectively, Southern and Atlas filed motions to dismiss the Union's complaints, which are currently pending. (*Id.* ¶ 37); *see* Mem. of Law in Support of Mot. to Dismiss Pls.' Compl. and Pet. to Vacate Arbitration Award, *Int'l Bhd. of Teamsters, Airline Division v. Southern Air, Inc.*, 1:19-cv-01948-CRC, Dkt. 4 (D.D.C. July 26, 2019); Mem. of Law in Support of Mot. to Dismiss Pls.' Compl. and Pet. to Vacate Arbitration Award, *Int'l Bhd. of Teamsters, Airline Division v. Atlas Air, Inc.*, 1:19-cv-02723-CRC, Dkt. 4 (D.D.C. October 11, 2019).

## ARGUMENT

Summary judgment is to be granted if "there is no genuine dispute as to any material fact," thereby entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The mere existence of *some* factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a 'material' fact. Accordingly, '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Wood v. Am. Fed'n of Gov't Employees*, 316 F. Supp. 3d 475, 480 (D.D.C. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (emphasis in original). "In suits to enforce arbitration awards, cross-motions for summary judgment are often the appropriate procedural path to judgment. Legal issues tend to predominate." *United Transp.*

*Union v. CSX Transp. Inc.*, 2006 WL 3198811, at *1 (S.D. Ind. July 20, 2006). This dispute turns entirely on a legal issue, and the minimal facts required for the Court to rule on the legal issue are undisputed. Therefore, Plaintiffs more than satisfy this standard.

      A. <u>The Union is Violating the Atlas and Southern Awards By Refusing to Provide the ISL</u>

"Once the appropriate adjustment board enters an award, its decision is enforceable in the federal courts . . . and is subject to narrow judicial review." *Cont'l Airlines*, 155 F.3d at 690 (citing *Central Airlines, Inc.,* 372 U.S. at 685). "Unless the arbitral decision does not draw its essence from the collective bargaining agreement, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute." *Sullivan*, 2016 WL 614391, at *7 (quoting *W.R. Grace & Co.* 461 U.S. at 764).

As the Supreme Court has made clear, an arbitrator's authority to craft a remedy is subject to substantial deference:

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency.

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Thus, when a party breaches a CBA, and the remedy ordered by the arbitrator cures the breach, that remedy draws its essence from the CBA. *See Dexter Axle Co. v. Intl. Ass'n. of Machinists Workers, Dist. 90, Lodge 1315*, 418 F.3d 762, 769 (7th Cir. 2005) ("It would make no sense for the arbitrator to be helpless to provide redress for the company's breach.").

Here, there can be no doubt that both Arbitrators' Awards drew their essence from each respective carrier's CBA and complied with the substantive provisions of the RLA. During both arbitrations, the Arbitrators considered three days of testimony and post-hearing briefing. (Fact

8

Statement ¶¶ 23; 30.) As explained in greater detail in Southern's Motion to Dismiss the Union's Petition to Vacate the Southern System Board Award, Arbitrator Bloch issued a 24-page decision that carefully analyzed how the various provisions of the Southern CBA applied to the parties' dispute. *See* Mem. of Law in Support of Mot. to Dismiss Pls.' Compl. and Pet. to Vacate Arbitration Award, *Int'l Bhd. of Teamsters, Airline Division v. Southern Air, Inc.*, 1:19-cv-01948-CRC, Dkt. 4 (D.D.C. July 26, 2019); (Fact Statement ¶ 24.) He concluded by ruling in favor of Southern on all issues, and he unambiguously directed the Union to provide the ISL within 45 days. As explained in greater detail in Atlas' Motion to Dismiss the Union's Petition to Vacate the Atlas System Board Award, Arbitrator Nicolau, for his part, issued a decision that recounted the parties' arguments, concluded that the Union's main argument was inapplicable, and rejected its remaining arguments in ruling in favor of Atlas on all issues and ordering the Union to provide the ISL within 45 days. *See* Mem. of Law in Support of Mot. to Dismiss Pls.' Compl. and Pet. to Vacate Arbitration Award, *Int'l Bhd. of Teamsters, Airline Division v. Atlas Air, Inc.*, 1:19-cv-02723-CRC, Dkt. 4 (D.D.C. October 11, 2019); (Fact Statement ¶ 31.) Both Arbitrators determined that requiring production of the ISL within 45 days was an appropriate remedy for violation of the Merger Provisions, based on the evidence presented by the parties, their experiences as arbitrators, and the considerable length of time that had passed in which the Union had refused to comply with the Merger Provisions. (Fact Statement ¶¶ 26; 33.) As such, the Union was obligated to deliver the ISL to Southern and Atlas by July 27, 2019 and October 10, 2019 respectively. It has failed and refused to do so, in blatant violation of both Awards.

When a party has failed to comply with a date-certain deadline set down by an award, the time is ripe to enforce the arbitration award. *CSX Transp., Inc.*, 522 F.3d at 1194 (finding

9

"failure to comply within the time limit established by the award the triggering event for an enforcement action"). An order enforcing the Awards is therefore necessary and warranted.

      B.  <u>The Remedy Ordered by the Awards Does Not Violate the McCaskill-Bond Amendment</u>

In its complaint seeking to vacate the Atlas System Board Award, the Union alleged that the portion of the Atlas Award ordering production of the ISL in 45 days violated seniority integration procedures required by the McCaskill-Bond Amendment ("McCaskill-Bond"). *See* 49 U.S.C. § 42112, note 117. McCaskill-Bond requires that unions representing employees at merging carriers, *in certain circumstances*, create an ISL in accordance with Sections 3 and 13 of the Allegheny-Mohawk Labor Protection Provisions ("Allegheny-Mohawk").[2] The Union's reference to McCaskill-Bond, however, is a ruse designed to create the inaccurate impression that providing the ISL will require a lengthy process.

First, McCaskill-Bond's Allegheny-Mohawk requirement is inapplicable *in the circumstances of this seniority integration*. McCaskill-Bond creates an exception for application of a union's own policy for integrating seniority lists when the employee groups at both carriers – as is the case here – are represented by the same Union. *See* 49 U.S.C. § 42112, note 117(a)(l). Notably, the Union did not argue in its opening statements or post-hearing briefs to the arbitrators that use of the Allegheny-Mohawk procedures was required to formulate the ISL.[3] (Fact Statement ¶ 38.)

---

[2] Sections 3 and 13 of the Allegheny-Mohawk labor-protective provisions require negotiation, and if needed interest arbitration, between the two pre-merger employee groups with regard to formulation of an integrated seniority list. *Flight Attendants in Reunion v. Am. Airlines, Inc.*, 813 F.3d 468, 472 (2d Cir. 2016).

[3] *See Bhd. of Maint. of Way Employees v. Union Pac. R. Co.*, No. CIV.A. 303CV0417D, 2004 WL 2296952, at *8 (N.D. Tex. Oct. 6, 2004) ("Courts have held that a party's failure to raise a

Instead, at the Atlas arbitration hearing, Daniel C. Wells, then-President of Local 1224, which represented both Atlas and Southern pilots at the time, testified that while the IBT Airline Division did not have an applicable "written policy," he was sure that the International Brotherhood of Teamsters, in the past, had used a simple date-of-hire approach to integrate seniority lists, without application of the Allegheny-Mohawk procedures.  (Fact Statement ¶ 39.)  In fact, Mr. Wells testified at the Atlas hearing that there was available to him a "shortcut procedure," whereby the Union could "provide a sort of golden pathway forward that would enable me to bring a lot of those [seniority] procedures together quickly and get it done."  (Fact Statement ¶ 40.)  The Union is therefore fully able, under McCaskill-Bond and the CBAs, to comply with the portion of the Awards' remedy requiring production of the ISL in 45 days.

Moreover, nothing in either the Atlas or Southern CBA Merger Provisions, or the Awards, requires that the Union present the *final* ISL to Atlas and Southern in order to start the nine-month clock for formulation of the CBA.  Nor does anything in the Awards require *implementation* of the ISL provided by the Union prior to formulation of the JCBA or at any specific time.  Presentation of an ISL is merely the triggering event that begins the nine-month clock for negotiation, and the Union is free to amend the ISL during the nine-month negotiation period and any subsequent interest arbitration period if needed.  The Union will therefore have ample time, if it likes, to revise the ISL pursuant to whatever procedure it feels is warranted – but only after it immediately delivers an ISL to Atlas and Southern in conformance with the Awards' remedies.

---

defense at arbitration to a remedy considered by the arbitrator prevents the party from later relying on the defense in an enforcement proceeding.").

**CONCLUSION**

The Union has failed and refused to provide the ISL to Atlas or Southern, despite being required to do so by both Awards and despite subsequent written demands from Atlas and Southern for immediate submission of an ISL. It is clear the Union will not immediately comply with either Arbitrator's Award until it receives an order from this Court specifically requiring it to do so under pain of contempt sanctions. This Court should therefore issue an order enforcing the Awards, requiring the Union immediately to provide Atlas and Southern with an ISL, enforcing the nine-month period for negotiation of a JCBA beginning retroactive to October 11, 2019, and following the negotiations, requiring prompt participation in interest arbitration of any unresolved bargaining issues.

Dated:   October 31, 2019
        Washington, D.C.

Respectfully submitted,

By:   /s/ Robert A. Siegel
Robert A. Siegel
(D.C. Bar #1004474)
Rachel S. Janger
(D.C. Bar #467142)

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
rsiegel@omm.com
rjanger@omm.com

*Attorneys for Plaintiffs Atlas Air, Inc. and Southern Air Inc.*